## EMPIRE MACHINERY & SUPPLY CORPORATION et al. v. GRONER, District Judge.

(Circuit Court of Appeals, Fourth Circuit. December 3, 1923.)

No. 2184.

Bankruptcy ⊚=461—Appeal from order affirming allowance of claim by referee, whether by trustee or other creditors, must be taken within 10 days.

Assuming that creditors have the right to appear and contest the allowance of claims and to appeal from an order of the District Court affirming allowance of a claim by the referee, made on petition of the trustee for review, such appeal must be taken within the 10 days allowed for an appeal by the trustee.

On Petition for Writ of Mandamus.

Petition by the Empire Machinery & Supply Corporation and others for writ of mandamus against Hon. D. Lawrence Groner, United States District Judge for the Eastern District of Virginia. Petition denied.

Jacob Louis Morewitz, of Newport News, Va., for petitioners.

Philip W. Murray and L. A. McMurran, both of Newport News, Va., for respondent.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. The controversy in which the application for mandamus arises grows out of certain proceedings had in the matter of the Newport News Iron Works, Inc., in bankruptcy, pending in the United States District Court at Norfolk, and which involved the allowance as general creditors of two certain debts, one in favor of J. P. Gillen and the other of D. C. Bridges, employés of the bankrupt, and to which the bankrupt's trustee and the petitioners herein objected. The following brief summary of facts, in connection with the hearing on and disposition of the claims, will readily present the issue involved in this mandamus proceeding:

On the 3d of July, 1923, John B. Locke, Esq., referee in bankruptcy at Newport News, Va., having before him proofs of debts against the bankrupt's estate, fully considered the two claims in question, heard testimony for and against the same, and passed upon their validity,

⊚=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

treating the claimants as unsecured creditors for the amounts allowed them. From the action of the referee, the trustee in bankruptcy, on the 14th of July, 1923, filed proceedings to review the action had, and the petition and a summary of the evidence and findings of fact under the statute were duly certified to the District Judge, together with the referee's orders in the premises. On the 1st of August, 1923, a trial was had before the judge, counsel for the bankrupt's estate and disputing claimants being heard, and the court, concurring with the referee, denied the petition for review, indorsing on the last page of the referee's record as follows:

"I concur with the referee in his findings of law and fact, and the petition for review is accordingly overruled. [Signed] D. L. G. August 1, 1923."

The action thus taken by the judge was entered on the proper record as the judgment of the court. The referee, in the administration of the bankrupt's estate, on the 3d of August, 1923, declared a first dividend of 33⅓ per cent. to all creditors, including the two disputed claims. On the 6th of August, 1923, the referee caused to be filed in the clerk's office at Norfolk an appropriate scheme of distribution, and on the next day, August 7th, mailed to the creditors notice of such declaration of dividend.

The bankrupt's trustee took no further action to contest the claims, after the allowance thereof by the District Judge. On the 17th of August, 1923, John D. Westbrook, Inc., one of the petitioners in this mandamus proceeding and a creditor of the bankrupt, excepted to the allowance of the two disputed claims, as shown by the referee's report filed on the 6th of August, 1923, and thereafter, on the 6th of September, 1923, the petitioners applied to the District Judge to set a day for hearing on petitioners' objections to said claims, and to have entered a final order approving the action of the referee in allowing the claims; the contention being that the action taken by the District Judge as herein recited on the 1st of August was not in fact an order, or certainly a final order, from which an appeal could be taken. On the 10th of September, 1923, after full hearing, the District Judge, considering his order of the 1st of August as final, and from which no appeal had been taken within the time prescribed by the statute, declined to make any further order respecting the allowance of claims on that day, but agreed to sign an order allowing an appeal upon condition that the petitioners, on or before the 10th of October, 1923, execute a bond in the sum of $300. Petitioners by counsel refused to avail themselves of this ruling of the judge, being of opinion that the first order was not final, and that they had the right to have a final and proper order entered, and to appeal therefrom within 10 days from the entry thereof.

Petition for mandamus was then presented to this court, and a rule to the District Judge to show cause why the mandamus should not issue was granted, to which the answer and return of the District Judge was regularly made, and the cause is now before the court on the petition, answer, and return, and the record and proceedings before the referee and the court filed in support thereof.

Petitioners cite quite an array of authorities in support of their position, viz. that the order of August 1, 1923, should be treated as not

final, and that a more formal and additional order approving the action of the referee should be allowed, from which an appeal could be had within 10 days after the entry thereof.

We have given full consideration to the question arising on this record, and to the authorities cited for and against the respective contentions made. Our conclusion is that the case is within an exceedingly narrow compass, and that it will not be necessary especially for this court to pass upon the form or sufficiency of the order in the circumstances. Confessedly the trustee in bankruptcy was accorded full hearing upon the petition to review before the District Court, and upon the court's ruling under the law he was required to appeal therefrom, if he desired to do so, within 10 days from the date of the court's decision. The action had and taken was deemed by the court and counsel as a full and final hearing; and the referee so regarded the same, proceeded to declare the dividend in question, and the scheme of distribution was filed in the clerk's office on the 6th of August, and on the 7th notice thereof was sent out to all creditors. These petitioners for mandamus therefore had legal and formal notice of this declaration of dividend as early as the 8th or 9th of August, and their counsel seems to have had actual notice of the court's ruling, if not on the 1st of August, when the same was made, certainly on the 2d, the next day thereafter. Notwithstanding this condition, no objection to the dividends on the two disputed claims as shown in the scheme of distribution was had until the 17th of August, and not until the 6th day of September was the objection to the order of the district judge brought to his attention.

Assuming, for the sake of argument, and without so deciding, that creditors of the bankrupt have the right to appear in person and contest the allowance of claims against the estate, and that they were not estopped from so doing by the proceedings inaugurated by the bankrupt's trustee to that end, still it is entirely manifest that any action taken by them seeking to contest claims must be had within the period prescribed by law; and if they had the desire, and the right to appeal because the trustee in bankruptcy did not wish further to prosecute an appeal from the District Judge's decision, they must comply with the law, and take their appeal within 10 days from the entry of the order appealed from. Otherwise, there would be no end to the time within which reviews from the allowance of claims against a bankrupt's estate would cease. The statute of limitations respecting the right to appeal, once beginning to run, continues, and is not stopped or interrupted, either by possible equities or by the omission or neglect of parties. The creditors were bound by the action of the trustee in the premises, and at least, if not so bound, they should be held to have no longer time than he had within which to assert their rights and perfect their appeal. This statutory time within which appeals shall be taken to the allowance or rejection of claims against a bankrupt's estate is most important as bearing upon the prompt and efficient administration of the bankruptcy law; and hence 10 days only was allowed, and if this time could be evaded or enlarged in the way here attempted, it would be equivalent to cutting off all limitation of time within which such transactions could be questioned.

As no appeal was taken in this case within the statutory period prescribed by the bankrupt's trustee, or by any creditor seeking to intervene for that purpose, the mere form of the order becomes immaterial, as its effect was certainly final.

The petition for mandamus will be denied, at the cost of the petitioners.